Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq (SBN 318465)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Manuel Joseph Garcia, Jr.,<br><br>   Debtor. | CASE NO.: 18-50642<br><br>Docket Control No.: KAZ-2<br><br>CHAPTER 13<br><br>**OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN**<br><br>Judge: Stephen L. Johson |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Daisy Gutierrez.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 10/1/2020 and is secured by a Deed of Trust on the subject property commonly known as 8933 Ironbark Street, Gilroy, CA 95020.. As of 3/23/18, the approximate amount in default was $517,556.74, as described in the Proof of Claim filed by Secured Creditor; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fullyg detailed below, the Plan cannot be confirmed as proposed.

**A. DEBTOR'S PROPOSED CHAPTER 13 PLAN VIOLATES PROVISIONS OF THE FEDERAL BANKRUPTCY CODE AND 9TH CIRCUIT CASE LAW, AND THEREFORE SHOULD NOT BE CONFIRMED - DEBTOR IS REQUIRED TO MAKE EQUAL MONTHLY PAYMENTS TOWARDS THE SECURED CLAIM AMOUNT FOR THE FULL DURATION OF THE PLAN**

The Debtor must pay the creditor the secured value of the lien in equal installments over the life of the plan, and not, as Debtor proposes, hopefully pay the value of the secured lien in several months after an attempt to sell the property. 11 U.S.C. 1325(a)(5)(B) "requires bankruptcy courts to ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim." *Till v. SCS Credit Corp.,* 541 U.S. 465, 474 (U.S. 2004). Even more to the point, 11

Case: 18-50642    Doc# 30    Filed: 08/10/18    Entered: 08/10/18 15:49:33    Page 2 of 7
18-50642

U.S.C. 1325(a)(5)(B)(iii)(I) states, "property to be distributed pursuant to this subjection is in the form of periodic payments, such payments shall be in equal monthly amount."

The Plan provides that Debtor will sell or refinance the subject property. He has given himself until April of 2019 to complete the refiance or sale during which no payments on arrears will be made. As a result, Secured Creditor will have an even larger default when the refinance or sale is complete. Further, Secured Creditor will have incurred more taxes and insurance expenses without reimbursement. Thus, the Plan is not feasible and cannot be confirmed.

## B. THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtor proposes to pay the full secured claim to Secured Creditor by selling the subject property by April of 2019. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law. First, it is not allowed for all the reasons stated above related to required equal monthly payments towards the secured claim value. Second, it is too speculative to just state in a plan that the Debtor will try to refinance or sell the properties in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

First, it is unknown if the Debtor will be able to sell the subject property. When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting *In re Newton*, 161 B.R. 207, 217-18.

It is well established in the Ninth Circuit that an open-ended Chapter 13 Plan providing for the sale or refinancing of Debtor's property at some point over the term of the plan is unconfirmable, especially where there was no evidence, other than the schedules, as to the fair market value of the property or what the property could actually produce through a sale or refinance. *In re Proudfoot*, 144 B.R. 876 (9th Cir. B.A.P. 1992); *In re Gavia*, 24 B.R. 573 (9th Cir. B.A.P. 1982). Moreover, the Plan does not address what the Debtor proposes to do if she is unable to obtain financing or sell the subject Property. This provision puts the feasibility of the entire Amended Plan in question since it is contingent upon a speculative event. Therefore, the Amended Plan is not feasible.

### C. A BALLOON PAYMENT UNDER THESE CIRCUMSTANCES IS NOT PERMITTED

While courts have confirmed plans with balloon payments, they have not done so on terms so favorable to the debtor. *In re James Wilson Associates*, 965 F.2d 160 (7th Cir. 1992), *In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. BAP 1994), and *In re Industry West Commerce Center LLC* (Case No. 10-10088; 9th Circ. BAP May 24, 2011). With the balloon payment, Secured Creditor bears all of the risk of the sale of the property rather than Debtor. In a year, it is unknown where the real estate market could be. Values may be up, or they could drop dramatically as they did in 2008-2013. Such a balloon payment is not permitted. Therefore, the Plan cannot be confirmed.

////
////
////
////
////
////
////
////
////

# CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. Confirmation of the Proposed Chapter 13 Plan be denied
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: August 9, 2018                LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
Kristin A. Zilberstein (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottilaw.com

Attorney for Creditor
U.S. Bank Trust National Association, as Trustee of the
IGSC Series II Trust

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

In Re: ) CASE NO.: 18-50642
)
Manuel Joseph Garcia, Jr., ) CHAPTER 13
)
Debtors. ) **CERTIFICATE OF SERVICE**
)

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

1
CERTIFICATE OF SERVICE
Case: 18-50642    Doc# 30    Filed: 08/10/18    Entered: 08/10/18 15:49:33    Page 6 of 7

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On August 10, 2018 I served the following documents described as:

- **OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Manuel Joseph Garcia, Jr.<br>8933 Ironbark Street<br>Gilroy, CA 95020 | **Chapter 13 Trustee**<br>Devin Derham-Burk<br>P.O. Box 50013<br>San Jose, CA 95150-0013 |
|---|---|
| **Debtor's Counsel**<br>Jason Vogelpohl<br>Central Coast Bankruptcy<br>532 Pajaro St.<br>Salinas, CA 93901 | **U.S. Trustee**<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 |

__xx____(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on August 10, 2018 at Santa Ana, California

/*s / Jeremy Romero*/
Jeremy Romero